45246. ALLEN v. RALSTON PURINA COMPANY.

JORDAN, Presiding Judge. Ralston Purina Company commenced this action against Walter C. Allen to recover $7,077.92 allegedly due on an account for chicken feed. The defendant denied any indebtedness and filed a counterclaim for $2,827.93 allegedly due by the plaintiff in two other transactions. The trial court sustained the plaintiff's motion for summary judgment. *Held:*

1. The enumeration asserting error in sustaining objections to the defendant's notice to produce and in sustaining the motion of the plaintiff to quash the notice is without merit.

2. Although the defendant admitted that the account sued upon represents the cost of feed furnished to him by the plaintiff to grow chickens for Kimberchik Hatcheries of Dixie, Incorporated, which he has never paid, and further admitted that Kimberchik paid him $7,917.55 which included $7,077.92 as the cost of feed furnished by the plaintiff, he purported to show as a defense that the payment by Kimberchik was not in accord with his understanding of his agreement with Kimberchik, his view being that Kimberchik agreed to pay him 1¢ per week per chicken for growing chickens, without regard to profit or loss from the sale of the chickens, whereas a letter he received from Kimberchik shortly after he started growing the chickens, which purported to outline the agreement, and the final settlement itemizing the basis for the payment of $7,917.55 disclosed that the transaction was a joint venture, with an equal division of profit and loss, so that, even though Kimberchik did allow the defendant a credit of 1¢ per week per chicken, Kimberchik also charged him with one-half of the loss on the sale of the chickens. He further purported to involve Ralston Purina as a participant in the transaction because a salesman for Ralston Purina induced him to enter into the agreement with Kimberchik, and because this salesman, together with a Kimberchik representative, after he had received the letter from

Kimberchik, told him to go ahead and that he would receive 1¢ per chicken per week without sharing in the profit or loss in growing the chickens for market. There is, however, a total absence of any evidence to support the conclusion that the Ralston Purina salesman, whatever dual capacity he may have held or assumed in respect to Ralston Purina and Kimberchik, in any way promised under any actual or claimed authority from Ralston Purina, that Ralston Purina would assume liability to pay the defendant 1¢ per chicken per week to grow the chickens without regard to profit and loss, or would in any way relieve him of or reduce him of an obligation to pay for feed furnished, or would in any way participate in the contract between the defendant and Kimberchik, except to provide feed to the defendant. A representative of Kimberchik stated unequivocally that the agreement to grow the chickens was solely between Kimberchik and the defendant, and the plaintiff, in response to interrogatories, unequivocally denied any agreement with the defendant whatsoever except in respect to the sale of feed. It would be novel indeed to allow the defendant to withhhold payment for the feed merely because he may have a dispute with another as to the amount which that person owed him under a contract with that party, to which the feed company is not a party in any sense of the word.

In respect to the counterclaim there is also a total absence of any evidence to disclose that the salesman, whatever his participation or obligation with respect to these transactions, in any way acted or represented that he acted for Ralston Purina to arrange for the defendant to grow chickens for Ralston Purina.

The plaintiff having established its claim, and having negated any basis to disclose a genuine issue of fact to support the defense or counterclaim, the lower court did not err in granting summary judgment for the plaintiff in the amount claimed.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

SUBMITTED APRIL 7, 1970—DECIDED APRIL 21, 1970.

*Wyatt & Wyatt, John M. Wyatt,* for appellant.
*Thurman E. Duncan, E. S. Sell, Jr.,* for appellee.